UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REBECCA FADANELLI,<br><br>            Defendant | Criminal No. 24-10352-JEK |

AMENDED PROTECTIVE ORDER REGARDING
DISCOVERY CONTAINING CONFIDENTIAL INFORMANT INFORMATION

The Court has read and considered the assented-to motion by the government for an amended protective order regarding discovery containing confidential informant information. FOR GOOD CAUSE SHOWN, the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to the defendant's indictment in *United States v. Rebecca Fadanelli*, 24-cr-10352-JEK.

2. Certain parts of the discovery in this case relate to a confidential source of information ("SOI") who participated in the government's investigation, and therefore the discovery contains identifying information. The dissemination or distribution of these materials could compromise the ability of the SOI to participate effectively in future investigations in an undercover capacity, and it could expose them to potential safety risks.

3. The discovery related to the SOI who participated in the investigation of this case that the government provides to defense counsel will be subject to this protective order, as follows:

    a. For purposes of the protective order, the term "Confidential Materials" includes any information relating to the SOI's prior history of cooperation with law enforcement, the SOI's prior criminal history, if any, any recorded statements of the SOI, whether

written or oral, or any other information that could be used to identify the SOI, such as name, address, date of birth, social security number, driver's license number, telephone number, account number, or personal identification number. The term "Protected Information" refers to any document or information containing Confidential Materials that the government produces to the Defense Team (as defined below) pursuant to the protective order, and that is clearly marked by the government with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER."

b. For purposes of the protective order, the term "Defense Team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm or office who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case – all of whom have been advised of their obligations under the protective order and have affirmed to the defendant's counsel of record that they agree to be bound by the terms of the protective order. The term "Defense Team" does not include the defendant, the defendant's family members, or any other associates of the defendant.

c. The defendant's counsel of record agrees to advise all members of the Defense Team of their obligations under the protective order and ensure their agreement to follow the protective order, prior to providing members of the Defense Team with access to any Protected Information.

d. The government is authorized to provide the defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If the defendant objects to any such designation, she may do so by application to the Court upon duly noticed motion, after meeting and conferring with the government regarding the objection.

e. The defendant may review Protected Information in this case only in the presence of her counsel of record, and her counsel of record shall ensure that the defendant is never left alone with any Protected Information. The defendant may see and review Protected Information in the presence of her counsel of record or other member of the Defense Team, but the defendant may not copy, keep, maintain, or otherwise possess any Protected Information in this case without authorization from the Court. The defendant must return any Protected Information to her counsel of record at the conclusion of any meeting at which the defendant was permitted to view the Protected Information. The defendant may not take any Protected Information out of the room in which she meets with a member of the Defense Team. The defendant may not write down or memorialize any Confidential Materials contained in the Protected Information. At the conclusion of any meeting with the defendant, a member of the Defense Team shall take with them all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of the defendant without leave of Court.

f. The Defense Team shall not permit anyone other than the Defense Team to have possession of Protected Information, including the defendant.

g.     The Defense Team shall access and use Protected Information solely in connection with this case, *e.g.*, in preparation for trial or other proceedings in the case. The Defense Team may review Protected Information with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Information is being shown to the defendant. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree to be bound by, the requirements of this protective order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

h.     The Defense Team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of Protected Information by: (1) not permitting anyone other than Defense Team members and the defendant as restricted above to see Protected Information; (2) not disclosing to anyone the contents of Protected Information; and (3) not permitting Protected Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

i.     To the extent that notes are made that memorialize, in whole or in part, the Confidential Materials in any Protected Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions shall be Protected Information subject to this protective order and must be handled in accordance with the terms of the protective order.

j.  The Defense Team shall use Protected Information and materials otherwise identified as containing Confidential Materials only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeals filed by the defendant and any motions filed by the defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information or materials otherwise identified as containing Confidential Materials with the Court or disclose the contents of such materials in court filings, the filings shall be made under seal, unless leave of Court is obtained to file them publicly. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such other party an opportunity to object or otherwise respond to the Court's decision. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the Confidential Materials and make all reasonable attempts to limit the disclosure of Confidential Materials.

k.  The defendant and the Defense Team also agree that any Confidential Materials produced in the government's discovery prior to the date of this protective order shall be deemed covered by the terms of the protective order, provided such materials have been clearly marked with the legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." Notwithstanding anything in this protective order to the contrary, unless a document produced in discovery is clearly marked with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER," it shall not be considered Protected Information, confidential, or otherwise subject to this protective order.

l.  Upon the final disposition of this case, any Protected Information and material otherwise identified as containing Confidential Materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the protective order maintained in the Defense Team's files shall remain subject to the protective order unless and until such order is modified by court order. Within 30 days of the conclusion of any appellate or post-conviction proceedings, the Defense Team shall return Protected Information and materials otherwise identified as containing Confidential Materials to the government, certify that such materials have been destroyed, or certify that the materials will be securely preserved in such a way as to ensure the confidentiality of those materials until they may be destroyed.

m.  In the event that there is a substitution of counsel prior to the date when Confidential Materials subject to this protective order must be returned or destroyed, new defense counsel shall be required to agree in writing to abide by the terms of this protective order before any Protected Information or material otherwise identified as containing Confidential Materials may be transferred from current defense counsel to the new defense counsel.

o.     Entry of this protective order does not preclude any of the parties to this case, currently or in the future, from seeking leave from the Court to modify the terms of the protective order at a later date.

SO ORDERED.

May 29, 2025
DATED

HONORABLE JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE